# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| PAUL WILKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-01211 |
| ) | |
| WHO, CDC, BILL GATES, DR. FAUCI, ) | |
| GOOGLE, FACEBOOK, TWITTER, ) | |
| BUDWEISER, A.M.A., C.C.P., ABC, CBS,) | |
| NBC, CNN, MSNBC, DNC, CIA, FBI, ) | |
| CLAUS SHAWB, ROBBERT GALLO, ) | |
| CLIFF LANE, FDA, NIH, NIAID, DHHS, ) | |
| WEF, ROCKEFELLER FOUNDATION, ) | |
| BLM, ANTIFA, GEORGE SOROS, ) | |
| CLINTON FOUNDATION, U.N, ) | |
| FEDERAL RESERVE, IRS, DICK ) | |
| DURBIN, WEF, JACK DORSEY, FCC, ) | |
| IPPF, BBC, TED TURNER, IFFIM, ) | |
| POYNTER, POLITIFACT, ) | |
| WICKAMEDIA, GAVI, MELINDA ) | |
| GATES, DONALD TRUMP, ICLEI, ) | |
| DOMINYON, U.S. GOV, BAR ) | |
| ASSOCIATION, TAL ZACK, ) | |
| ) | |
| Defendants. ) | |

## ORDER & OPINION

This matter is before the Court on Plaintiff's Motion for Leave to File a Supplemental Pleading (doc. 13).[1] Noting a Notice of Appeal (doc. 10) has been filed,

---

[1] Although Plaintiff's Motion is titled "Notice of Supplemental Pleading," it is, in effect, a motion for leave to file a supplemental pleading. The Motion admits as much, stating "Leave must first be obtained from the court before the supplemental pleading can be filed . . . ." (Doc 13 at 1).

the Court issues this Order pursuant to Federal Rule of Civil Procedure 62.1. For the following reasons, the Motion is denied.

## BACKGROUND

Plaintiff filed the instant case on July 28, 2021, alleging COVID-19 vaccines are lethal poisons administered by a conspiracy of global elites to commit mass genocide. (Doc. 1). Plaintiff's Complaint also included seemingly unrelated allegations about the use of Dominion Voting Systems to infringe on his right to vote (doc. 1 at 7) and Defendants' involvement in "child abuse, traffiking [sic] and torture" (doc. 1 at 8). In addition, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (doc. 2).

The Court entered an Order dismissing the case with prejudice (doc. 3) on August 2, 2021, which rendered Plaintiff's Motion for Leave to Proceed *in forma pauperis* (doc. 2) moot. Judgment was entered pursuant to that Order on August 5. (Doc. 5). Plaintiff then filed a Motion for Reconsideration on August 10 (doc. 6), which the Court denied on August 18 (doc. 7).

Plaintiff filed a Notice of Appeal (doc. 10) and moved for leave to appeal *in forma pauperis* (doc. 11) on September 10. The Court denied the latter on September 13 (doc. 12). That same day, Plaintiff filed the instant Motion (doc. 13). On September 22, the appeal in this case was docketed by the Seventh Circuit as Appellate Case No: 21-2728. (Doc. 15).

## DISCUSSION

**I.   The Court Retains Authority to Deny This Motion Under Rule 62.1**

Because Plaintiff filed a Notice of Appeal (doc. 10), this Court no longer has the authority to grant this Motion. "Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals." *Manrique* v. *United States*, 137 S. Ct. 1266, 1271 (2017).

> "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*).

*Price v. Dunn*, 139 S. Ct. 1533, 1537 (2019) (Thomas, J., concurring in denial of certiorari).

However, while the Court cannot grant the Motion, it can deny it under Federal Rule of Civil Procedure 62.1(a)(2). "If a timely motion is made for relief that the court lacks authority to grant because of an appeal . . . , the court may . . . deny the motion." Fed. R. Civ. P. 62.1(a). Rule 62.1 may be used to deny any motion the Court cannot grant due to a pending appeal.

> [N]othing in Rule 62.1's language limits its application to Rule 60(b) motions or to motions made after final judgment. The Advisory Committee's note confirms that it "adopts for *any* motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal." Fed. R. Civ. P. 62.1 advisory committee's note (emphasis added); *see also Idaho Bldg. and Constr. Trades Council, AFL–CIO v. Wasden,* 11 Civ. 253(BLW), 2013 WL 1867067, at *3 (D. Idaho May 1, 2013).
>
> The drafting history of Rule 62.1 reveals that "[t]he new [Rule 62.1] provisions were originally drafted as an addition to Rule 60, addressing only relief under Rule 60 pending appeal," but "the proposal was

broadened to include all circumstances in which a pending appeal ousts district-court authority to grant relief." Report of the Civil Rules Advisory Committee, Dec. 12, 2006 at 14.

*Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013).

The Court elects to use its discretion under Rule 62.1 and deny Plaintiff's Motion. *See* discussion *infra* Section II.

## II. Supplementing the Complaint Would Be Futile

Plaintiff moves for leave to supplement the Complaint. (*See* doc. 13). Ordinarily, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). However, "if the supplemental pleading deals with events that occurred *before* the filing of the original pleading and in reality is an amended pleading, . . . the court should then determine the merits of the application as if it had been properly made under Rule 15(a) . . . in the first instance." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1510 (3d ed.), Westlaw (database updated April 2021) (emphasis added) (footnote omitted). Furthermore, the Motion should be liberally construed in light of Plaintiff's pro se status. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

It is not fully clear whether the Motion (doc. 13) sets out any transaction, occurrence, or event that happened *after* the Complaint was filed on July 28, 2021. (Doc. 1). Aside from its discussion of Rule 15(d), the Motion consists solely of three

4

web articles, none of which are dated. (Doc. 13). Thus, it is difficult to discern whether the Motion should be assessed under Rule 15(d) or under Rule 15(a).

Fortunately, the standard for assessing motions to supplement pleadings under Rule 15(d) and motions to amend pleadings under Rule 15(a)(2) is essentially the same. *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996); Fed. R. Civ. P. 15(a), (d). Accordingly, Court will assess the Motion under Rule 15(d) and 15(a)(2) simultaneously.

"The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). And supplemental pleadings generally "ought to be allowed as of course, unless some particular reason for disallowing them appears." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28 (4th Cir. 1963). However, parties have "no absolute right to expand the case in this way; the district court has substantial discretion either to permit or to deny such a motion [for leave to supplement a pleading]." *Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011). For instance, a "motion to supplement should be denied if the amendment/supplement would be futile." *Despain v. Louisville Metro. Gov't*, Civil Action No. 3:14-CV-P602-CHB, 2021 WL 3699386, 2021 U.S. Dist. LEXIS 156889, at *11 (W.D. Ky. Aug. 19, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff tilts at windmills. Armed with copy-and-pasted misinformation, Plaintiff embarks on his quinary quest (*see* docs. 1, 4, 6, 10) to "prove that the [COVID-19] 'vaccine' does NOT work." (Doc. 13 at 1).

Plaintiff's Complaint was dismissed under 28 U.S.C. § 1915(e)(2)(B) for frivolity and failure to state a claim on which relief may be granted. (Doc. 3). The Court found Plaintiff's Complaint frivolous because its claims of global genocide were wholly incredible, irrational, "fanciful, fantastic, and delusional," *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotations omitted), and it relied entirely on second-hand conspiracy theories propagated on the web, just like this Motion. (*Compare* doc. 1 *with* doc. 13). The Court reiterated that finding when it denied Plaintiff's Motion for Reconsideration. (Doc. 7). Plaintiff's proposed supplement or amendment is equally frivolous, (*see* doc. 13), making this Motion futile.

Utilizing its discretion under Rules 15 and 62.1, the Court denies Plaintiff leave to file either a supplemental or an amended pleading, as each would undoubtedly be futile. Litigation is not a game in which a party may force the Court to engage in judicial whack-a-mole by submitting frivolous filings ad nauseam.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File a Supplemental Pleading (doc. 13) is DENIED pursuant to Federal Rule of Civil Procedure 62.1(a)(2).

SO ORDERED.

Entered this 27th day of September 2021.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge